UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEATHER CARLSON, PHILIPP HOFMANN, and CARLOS RIVAS, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>OVASCIENCE, INC., MICHELLE DIPP, M.D., PH.D., JEFFREY E. YOUNG, RICHARD H. ALDRICH, JEFFERY D. CAPELLO, MARY FISHER, MARC KOZIN, STEPHEN KRAUSS, THOMAS MALLEY, HARALD F. STOCK, PH.D., J.P. MORGAN SECUTITIES LLC, CREDIT SUISSE SECURITIES (USA) LLC, and LEERINK PARTNERS LLC,<br><br>　　　　　　　　Defendants. | CIVIL ACTION<br>NO. 15-14032-WGY |

**MEMORANDUM OF DECISION**

YOUNG, D.J.                                                              May 23, 2016

I.  **INTRODUCTION**

　　Heather Carlson, Philipp Hofmann, and Carlos Rivas, individually and on behalf of all others similarly situated (the "Plaintiffs"), commenced this securities class action against OvaScience Inc., Michelle Dipp, M.D., PH.D., Jeffrey E. Young, Richard H. Aldrich, Jeffrey D. Capello, Mary Fisher, Marc Kozin, Stephen Krauss, Thomas Malley, Harald F. Stock, PH.D., J.P. Morgan Securities LLC, Credit Suisse Securities (USA) LLC, and

Leerink Partners LLC ("OvaScience") (together, the "Defendants") in the Business Litigation Section of Suffolk County Superior Court of the Commonwealth of Massachusetts. Notice Removal, Ex. A, Compl., ECF No. 1-1. The Plaintiffs allege that OvaScience and various OvaScience officers and directors violated the federal Securities Act of 1933 ("1933 Act") by making false and misleading representations in connection with OvaScience's second public offering. Id. ¶ 3.

After OvaScience timely removed the action to this Court pursuant to 28 U.S.C. §§ 1331 and 1441, see Notice Removal, ECF No. 1, the Plaintiffs filed a motion to remand, Notice Pls.' Mot. Remand, ECF No. 14. Following a hearing on the motion, see Elec. Clerk's Notes, ECF No. 41, the Court granted the Plaintiffs' remand motion on February 23, 2016, Order, ECF No. 36, intending to draft an opinion explaining its reasoning for doing so.

## II. DISCUSSION

The Plaintiffs' remand motion here turns on the scope of state court jurisdiction over federal securities class actions under an arcane statutory scheme involving the 1933 Act, the Securities Litigation Uniform Standards Act ("SLUSA"), and (to a lesser extent) the Private Securities Litigation Reform Act ("PSLRA"). The Defendants argue that amendments to the 1933 Act introduced by SLUSA "stripped state courts of jurisdiction over

all covered class actions based on federal securities laws." Opp'n Ovascience Defs. Pls.' Mot. Remand ("Defs.' Opp'n") 4, ECF No. 21. Accordingly, they contend that the removal bar contained in section 77v(a) of the 1933 Act is inapplicable, that the Superior Court lacks jurisdiction over the matter, and, accordingly, that the case belongs in federal court. See id. at 4-5, 7-8. The Plaintiffs, meanwhile, maintain that SLUSA did not affect state courts' jurisdiction over actions involving exclusively federal claims, and that under section 77v(a) of the 1933 Act, this case could not properly be removed to federal court. See Mem. Supp. Pls.' Mot. Remand ("Pls.' Mem.") 1-4, ECF No. 15.

Agreeing with the Plaintiffs' reading of the relevant statutory provisions, this Court entered its remand order on February 23, 2016, but had not yet got around to issuing a memorandum of decision. Chief Judge Saris has, however, in the time since this Court entered its order remanding this case, issued a memorandum and order in a case remarkably similar to this one. See Fortunato v. Akebia Therapeutics, Inc., Civil Action No. 15-13501-PBS, 2016 WL 1734073 (D. Mass. Apr. 29, 2016) (Saris, C.J.). Like the case at bar, Fortunato involved a motion to remand a securities class action brought under the

1933 Act and involving exclusively federal claims. See id. at *1.[1]

Both the basic factual framework and Chief Judge Saris's discerning and thorough reasoning are on all fours with this Court's own views in this case, and it would be superogatory to say more. It suffices here simply to adopt Chief Judge Saris's cogent opinion in Fortunato.

The Court does note, however, that its decision here is consistent with the Supreme Court's even more recent opinion in Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning, No. 14-1132, 2016 WL 2842450 (May 16, 2016). While Merrill Lynch is distinct from this case insofar as it involved state law securities claims under the Securities Exchange Act, 15 U.S.C. § 78a, it supports the proposition that federal courts ought steer clear of too-broad interpretations of their jurisdictional reach under federal law. See id. at *10 ("Out of respect for state courts, this Court has time and again declined to construe federal jurisdictional statutes more expansively than their language, most fairly read, requires.").

The distinction between the statutory jurisdictional provision implicated in Merrill Lynch and the one the Court grapples with here is also deserving of comment. As the Supreme

---

[1] The Court also notes that this case involves several of the same lawyers as Fortunato on both sides.

[4]

Court noted, Section 27 of the Securities Exchange Act "provides federal district courts with exclusive jurisdiction 'of all suits in equity and actions at law brought to enforce any liability or duty created by the [Exchange Act] or the rules and regulations thereunder.'" Id. at *5 (quoting 15 U.S.C. § 78aa(a)) (alteration in original) (additional internal citation and footnote omitted).  By contrast, Section 77v(a) of the 1933 Act provides federal district courts with jurisdiction "concurrent with State and Territorial courts," subject to certain exceptions.[2]  15 U.S.C. § 77v(a).  That Congress included express language providing federal courts with exclusive jurisdiction over federal securities claims in other "New Deal-era regulatory statutes[,]" Merrill Lynch, 2016 WL 2842450 at *5 (internal footnote omitted), bolsters this Court's conclusion (as the SLUSA amendments lacked this express language).

**III. CONCLUSION**

---

[2] Somewhat confusingly, the Supreme Court did not acknowledge this difference between the two statutory provisions in its Merrill Lynch opinion, and indeed seems to have implied that the two statutes contained similar jurisdictional language. See 2016 WL 2842450 at *5 (observing that "[m]uch the same wording [as appears in Section 27 of the Securities Exchange Act] appears in nine other federal jurisdictional provisions" and citing Section 77v(a) of the 1933 Act as one of the nine).

Based on the foregoing discussion and the reasoning ably articulated in <u>Fortunato</u>, this Court **GRANTED** the Plaintiffs' motion to remand this case, ECF No. 14.

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE